In the Matter of the NARCOTIC ADDICTION CONTROL COMMISSION, Respondent, v. PIERRE COULOUFACOS, Also Known as PIERRE COULFOS, Appellant.

Second Department, February 13, 1968.

---

* Cf. *Labor Bd.* v. *Express Pub. Co.* (312 U. S. 426, 433, requiring " reasonable specificity ").

*Anthony F. Marra* (*William H. Hellerstein* of counsel), *amicus curiæ* in support of appellant.

*Louis J. Lefkowitz, Attorney-General* (*Robert S. Hammer* of counsel), for respondent.

SAMUEL RABIN, Acting P. J. This motion for leave to prosecute an appeal as a poor person and for the assignment of counsel raises a serious threshold question as to the appealability of an order in a statutory special proceeding (Mental Hygiene Law, § 206). That statute authorizes a Justice of the Supreme Court or a Judge of the County Court to certify to the care and custody of the Narcotic Addiction Control Commission for a period not exceeding three years any person found to be a narcotic addict. [The order in such a proceeding must now be classified as a judgment (CPLR 411, 103, 105).] The answer to the question lies in the proper statutory construction.

The answer here takes on added significance in view of the analogous, if not identical, separate statutory provisions authorizing the detention and treatment of persons found to be mentally ill or epileptic or alcoholic (cf. Mental Hygiene Law, §§ 72-74, 154–155, 307, subds. 5, 6).

The facts in the instant case are simple and undisputed:

By order of the Supreme Court, Queens County, made September 29, 1967 after a nonjury trial, the appellant had been adjudicated a narcotic addict and certified to the care and custody of the respondent, New York State Narcotic Control Commission, for a period not exceeding three years, pursuant to the statute (Mental Hygiene Law, § 206). On October 19, 1967 he filed a notice of appeal to this court from said order. Thereafter, upon the ground of indigency, he made application to this court for leave to prosecute his appeal as a poor person and for the assignment of counsel. Presumably, he is now in respondent's custody; and, other than this appeal and this motion, he has taken no further action to regain his liberty.

Ordinarily, there would be no doubt that an order or judgment which has the effect of depriving a person of his liberty is appealable, regardless of whether its purpose be to impose penal punishment or beneficent medical treatment and rehabilitation. The situation here, however, is complicated by the fact that the same statute which authorizes the adjudication and certification as a narcotic addict also authorizes any person so adjudicated and certified to apply, within 30 days after the granting of the order, to a Justice of the Supreme Court other than the Justice making the certification "for a review of such order"; and upon such application the Justice is required to "cause a jury to be summoned" and "proceed to try the question of the narcotic addiction" in accordance with the CPLR provisions (Mental Hygiene Law, § 206, subd. 7). However, a jury may always be waived by the party entitled to the jury trial (CPLR 4102, 4103).

If the application for review be timely made to another Justice of the Supreme Court, he has no discretion; he must grant the application and, unless a jury be waived, cause a jury to be summoned to try *anew* the issue as to whether the applicant is a narcotic addict. In effect, therefore, the applicant has an absolute right to a new plenary trial if he makes a timely application therefor; and, as upon any new trial, he would be entitled to offer new and additional proof upon the issue presented.

In the instant case the appellant has never made application for a new trial or review of the order adjudicating him to be a narcotic addict and certifying him to the respondent's custody; and his time to do so has long since expired. Instead, as already noted, he filed a notice of appeal and is prosecuting his appeal to this court from said order. He may have good

reason for taking this course. For it may well be that he has no further proof to adduce or that he intends to raise only a question of law or that he intends to assert only the violation of a constitutional right.

In any event, the unavoidable consequence of appellant's negative conduct in not timely seeking a new trial or review before another Supreme Court Justice and of his affirmative conduct in prosecuting his appeal to this court is that he has irrevocably waived his right to a new trial or review of the first order in the trial court.

Should we now give effect to such waiver and proceed to determine the appeal from the first order on the merits? The statutes mentioned (Mental Hygiene Law, §§ 72–74, 154–155, 307, subds. 5, 6), while containing some reference to an appeal and a stay, are silent as to the right of appeal either from the first order made after the first trial or from the second order made after the new trial which is mandated upon timely application for review. None of the statutes either authorizes or prohibits an appeal from the one order or the other. None of the statutes makes the new trial or review in the trial court either obligatory or a condition precedent to appellate review of the first order. There is a complete void or hiatus with respect to the right of appeal — particularly from the first order.

We have concluded that, under the circumstances here, where the person certified to the care and custody of the respondent is willing to yield and in fact has yielded his statutory right to a new trial or review in the trial court, his waiver must be accepted; and his right to appeal from the first order, accorded to him by the CPLR 5701 provisions, must be recognized and enforced. Indeed, since normally the appellate process requires more than 30 days, the very prosecution and determination of the appeal from the first order must be deemed to constitute the abandonment by appellant of his statutory right to apply, within the prescribed 30-day period, for a jury or nonjury new trial before another Supreme Court Justice.

Of course, in the absence of the waiver of the statutory right to a new trial or review before another Supreme Court Justice, no appeal will lie from the first order. In any event, the appellant cannot concurrently do both; that is, he may not prosecute in the trial court his application for a jury or nonjury review of the first order and at the same time prosecute in this court his appeal from said order. Once appellant has timely elected to seek a review in the trial court his appeal to this court is necessarily confined to the order made after such review or

new trial. Parenthetically, it may be noted that upon any such appeal the appellant would not be prejudiced; he would be able to raise every issue which he might have raised on the appeal from the first order.

It is apparent that the right accorded by statute to seek a new trial in the trial court is simply an additional or cumulative remedy; it is not an exclusive remedy. Obviously, whenever any person is deprived of his liberty we should make available to him the most expeditious remedy to challenge the validity of his detention and to obtain his freedom. We should not insist that he first exhaust an additional or cumulative statutory remedy where, by reason of the circumstances in his particular case, he (or his counsel) decides in advance that such cumulative remedy is destined to fail and he is willing to forego that cumulative remedy. By any such insistence we would be unduly burdening him as well as the trial courts.

In essence, therefore, upon the making of the first order declaring him to be a narcotic addict and certifying him to the custody of the commission, the appellant has two options: (1) within 30 days he may apply for a review and a jury or nonjury new trial before another Supreme Court Justice — and of course he would have the right to appeal from any adverse determination made after such review and trial; or (2) he may forego such application and prosecute an appeal directly to this court from the first order. But he cannot do both; he must elect one option or the other; and the pursuit of one necessarily precludes the pursuit of the other.

Since appellant here has seen fit to exercise only his option to appeal from the first order, his motion to prosecute that appeal as a poor person and for the assignment of counsel should be granted.

HOPKINS, BENJAMIN, MUNDER and MARTUSCELLO, JJ., concur.

Motion by appellant for assignment of counsel and for leave to appeal as a poor person from order of the Supreme Court, Queens County, dated September 29, 1967, granted. The appeal will be heard on the original papers (including the typewritten stenographic minutes) and appellant's and respondent's typewritten briefs. The parties are directed to file eight copies of their respective briefs and to serve one copy on each other. Anthony F. Marra, Esq., of 100 Centre Street, New York, N. Y., is assigned as counsel to prosecute the appeal. Pursuant to statute (CPLR 1102, subd. [b]), the stenographer of the trial court shall make and certify two typewritten transcripts of

the stenographic minutes of the trial or hearing and shall deliver one to appellant's attorney and file the other with the Clerk of the trial court together with an affidavit of the fact and date of such delivery and filing. Appellant's time to perfect the appeal is enlarged.